IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERE COMES CHARLIE, LLC, a
New Mexico limited liability company,
MICHAEL FUHS, FRED ELKINS, and
JOHN KOSELSKI,

       Plaintiffs,

vs.                                                  Civ. No. 04-945 JH/RHS

CERTAIN UNDERWRITERS AT LLOYDS
OF LONDON, JONES BLOODSTOCK
INSURANCE AGENCY, LLP, and W.B.
JONES, Individually,

       Defendants.

**REPORT AND RECOMMENDATION**

    I am writing as the referred Magistrate Judge for the above captioned cause. On November 22, 2005, I issued an order setting a settlement conference for February 16, 2006 [docket no. 33]. The order provided in part that before arriving at the settlement conference the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court and that each party was to provide the Court with a concise statement of the evidence the party expects to produce at trial on or before February 6, 2006. The Defendants complied completely with the terms of this order, however, Plaintiffs failed or refused any form of compliance. This resulted in the Defendants filing a motion to vacate the settlement conference [docket no. 38] which I granted [docket no. 39]. In granting Defendants' motion to vacate the settlement conference, I set a hearing on the Court's own order to show cause which directed the

Plaintiffs and their counsel of record to personally appear before the Court on March 2, 2006, at 2:00 p.m. and show cause, if any they have, why they should not be held in contempt of court for failing and/or refusing to obey the terms of the order setting settlement conference [docket no. 33] by failing to produce a statement of the evidence they expect to produce at trial by February 6, 2006, and by failing to negotiate with Defendants and make a good faith effort to settle the case without the involvement of the Court prior to arriving at the settlement conference.  Counsel for Plaintiffs appeared at the hearing on March 2, 2006, but the Plaintiffs did not appear.  Counsel for Plaintiffs advised the Court that he had not noticed that they were required to appear but knew that the hearing was being conducted.  Counsel also advised the Court that he had hired two unnamed attorneys to work on the case over the last year and he gave assurances that he would personally supervise the litigation from this date forward.

I will not comment on other pending motions by defense relative to Plaintiffs' alleged failure to comply with Court orders and the rules of the Court, however, it is my respectful recommendation that the Plaintiffs be found in contempt of court and that sanctions be imposed including, but not limited to, payment of attorney's fees and the possibility of dismissal of their action if they should fail or refuse to comply with future orders.  I will happily prepare a form of order for your consideration if you wish and if you would like me to conduct any further hearings, please advise me immediately.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE