IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERE COMES CHARLIE, LLC,
a New Mexico limited liability company, et al.,

        Plaintiffs,

vs.                                                                                            Civ. 04-945 JH/RHS

CERTAIN UNDERWRITERS AT LLOYDS
OF LONDON, et al.,

        Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION REGARDING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

        THIS MATTER comes before the Court on the Honorable Judith C. Herrera's Order of Reference, filed April 14, 2006 **[Doc. 41]**, directing the undersigned to submit proposed findings and recommendations regarding Defendants' Motion for Summary Judgment ("Motion") **[Doc. 21]**. On October 7, 2005, Defendants filed their Motion, contending that summary judgment should be granted because "Plaintiffs have failed to respond to discovery . . . . [and] have produced no evidence to support their claims." (Memorandum of Law in Support of Motion ("Memo") at 2, ¶¶6,7 **[Doc. 22]**.) The Court, having reviewed the parties' submissions, the relevant authorities, and being otherwise advised in the premises, finds that Defendants' Motion is not well taken and recommends that it be DENIED.

        **Standard of Review**

        Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Griffin v.

Steeltek, Inc., 160 F.3d 591, 593 (10th Cir.1998).  A party seeking summary judgment has the initial burden to show "that there is an absence of evidence to support the nonmoving party's case."  Celetox v. Catrett, 477 U.S. 317, 325 (1986).  Specifically, the movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celetox, at 323 (referencing FED. R. CIV. P. 56(c)).  "When a motion for summary judgment is made and supported as provided in this rule, an adverse party . . . must set forth specific facts showing that there is a genuine issue for trial."[1]  FED. R. CIV. P. 56(e).

**Discussion**

As a preliminary matter, I note that both parties have failed to comply with one or more of the Local Rules of motion practice in this district.[2]  For example, Defendants did not seek Plaintiffs' concurrence prior to filing the Motion.  (See Motion at 1.)  The Local Rules require movants to "determine whether a motion is opposed."  D.N.M.LR-Civ. 7.1(a).[3]  Plaintiffs wholly failed to address Defendants' "Statement of Undisputed Material Facts" in accordance with Local Rule 56.1(b), which requires a party opposing summary judgment to number "[e]ach fact in dispute" and "state the number of the movant's fact that is disputed."  D.N.M. LR-Civ. 56.1(b)

---

[1] In determining whether the case presents any issues of material fact, we view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.  See MacDonald v. Delta Air Lines, Inc., 94 F.3d 1437, 1440 (10th Cir.1996)

[2] The parties are hereby reminded to abide by the Local Rules of this district in the future.

[3] Although certain exceptions to this requirement are provided, none are based solely on the nature of the motion.  See, e.g., D.N.M. LR-Civ. 7.4(b) (providing exception for *pro se* "inmate cases").

(emphasis added).  Not only did Plaintiffs fail to refer to any of Defendants' statements by number, they explicitly stated that "[a] genuine issue of fact does not exist in the issue raised by the Defendant[s]."[4]  (Plaintiff's [sic] Memorandum in Accompaniment of His Answer to Defendant's Motion ("Response Memo") at [unnumbered page] 3 **[Doc. 28]** (emphasis added).)  However, even where Defendants' statements of material fact are deemed admitted,[5] this Court is not relieved of its duty to make the specific determinations required by FED. R. CIV. P. 56(c).  See also Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002) (finding that "[s]ummary judgment is not proper merely because [plaintiff] failed to file a response").  Here, the Court finds that even assuming the absence of a genuine issue with respect to Defendants' statements, Defendants have failed to demonstrate that they are entitled to summary judgment as a matter of law.

Although Defendants contend broadly that "Plaintiffs have produced no evidence to support their claims" (Memo at 2, ¶7), they fail to identify which elements of Plaintiffs' claims are deficient, or specify any material facts relevant to such claims.  Instead, Defendants' briefing consists almost entirely of complaints about Plaintiffs' failure to comply with their discovery obligations.[6]  In their Response, Plaintiffs assert that Defendants have "received several hundred

---

[4]The Court presumes that the word "not" is a typographical error, and that Plaintiffs intended to state that genuine issues of fact do exist regarding the issues raised by Defendants.

[5]"All material facts set forth in the statement of the Movant will be deemed admitted unless specifically controverted."  D.N.M.LR-Civ. 56(1)(b).

[6]The Court notes that Plaintiffs do not dispute Defendants' allegation that Plaintiffs failed to make initial disclosures as required by FED. R. CIV. P. 26.  Moreover, it appears that Plaintiffs did not timely respond to Defendants' interrogatories and requests for production.  However, it is not clear whether Plaintiffs' untimeliness in meeting their discovery obligations resulted from the conduct of Plaintiffs and/or their counsel.  Accordingly, in a separate order, Plaintiffs' counsel will

pages of documents"[7] in response to their discovery requests, and that Defendants have "yet to respond to Plaintiffs' discovery requests."[8]  (Response Memo at [unnumbered page] 1-2.) However, despite the parties' finger pointing regarding their respective discovery obligations, the docket reveals that no motions for protective order or motions to compel have been filed.[9]  The Court notes that discovery terminated in this case on November 21, 2005.  (See Order of Extension of Time in Which to Complete Discovery **[Doc. 19]**; Order Denying Second Request for Extension of Time in Which to Complete Discovery **[Doc. 35]**.)

In their reply, Defendants argue that they are entitled to summary judgment because Plaintiffs did not file a response or a motion for extension of time to respond to Defendants' Motion within the time period set forth in D.N.M-LR Civ. 7.6(a).  While Defendants correctly point out that Plaintiffs failed to comply with this Local Rule, they neglected to mention that Judge Herrera granted Plaintiffs' request for an extension of time in which to file a response.  (See

---

be directed to personally serve a copy of these proposed findings and recommended disposition on their clients.

[7]In their reply, Defendants indicate that they received "Plaintiffs' answers and responses . . . [albeit] almost three months after the Defendants propounded discovery."  (Reply at 4.) Defendants maintain that, as of November 16, 2005, "Plaintiffs have failed to provide their initial disclosures to the Defendants."  (Id. at 7.)

[8]Plaintiffs incorrectly asserted that the "docket shows no filing of initial disclosures by the Defendant . . . ."  (Response Memo at [unnumbered page] 2.)  The docket indicates that Defendants served initial disclosures to Plaintiffs in February 2005 (See **[Doc. 9]**.)

[9]Nor do the parties point to evidence that they have made any good faith attempts to resolve their discovery disputes without the Court's intervention.  See FED. R. CIV. P. 37(a)(2)(A),(B) (directing that a party moving to compel Rule 26(a) disclosures, answers to interrogatories and responses to requests for production "must include a certification that the movant has in good faith conferred or attempted to confer" with the party failing to make such discovery (emphasis added)).

4

Case 6:04-cv-00945-JCH-RHS   Document 45   Filed 05/01/06   Page 5 of 5

Order of Extension of Time in Which to Answer Motion for Summary Judgment **[Doc. 30]**.) Defendants also contend that they "are entitled to summary judgment based upon Plaintiffs' admissions alone." (Reply in Support of Motion at 4 **[Doc. 31]**.) However, while Defendants assert that Plaintiffs' failure to respond to discovery means that "Plaintiffs have admitted each of the Defendants' requests for admissions[,]" Defendants neither disclose the content of these admissions, nor describe how they affect Plaintiffs' claims. (Id. (citing FED. R. CIV. P. 36(a), (b).)

**Conclusion**

It is Defendants' responsibility to adequately describe the basis of their motion for summary judgment and to identify those materials which demonstrate the absence of a genuine issue of material fact. Defendants have failed to meet this initial responsibility. Under the circumstances, the Court declines to take on Defendants' responsibility and sift through the record in order to determine whether there exists an absence of a genuine issue regarding material facts relevant to elements of any claim. See SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992). For the reasons set forth above, the Court recommends that Defendants' motion for summary judgment be denied at this time.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE