IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HERE COMES CHARLIE, LLC, a**
**New Mexico limited liability company,**
**MICHAEL FUHS, FRED ELKINS, and**
**JOHN KOSELSKI,**

        **Plaintiffs,**

v.  Civ. No. 04-945 JH/RHS

**JONES BLOODSTOCK INSURANCE**
**AGENCY, LLP, and W.B. JONES,**
**Individually,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant's Motion for Summary Judgment* [Doc. No. 21], the *Magistrate Judge's Proposed Finding and Recommended Disposition Regarding Defendant's Motion for Summary Judgment* [Doc. No. 45], and Defendants' objections to the Magistrate Judge's proposed findings and recommended disposition [Doc. No. 48]. For the reasons set forth below, the Court agrees with Magistrate Judge Scott that Defendants' motion for summary judgment should be denied. The Court will therefore overrule the objections and deny the motion for summary judgment.

## DISCUSSION

This case involves a dispute over insurance coverage for a deceased stallion. Plaintiffs filed their Complaint for Declaratory Judgment in New Mexico state district court on June 15, 2004. On August 20, 2004, Defendants removed the case to this federal district court under the auspices of diversity jurisdiction. On May 11, 2005, the Court entered an initial pretrial report setting an August

22, 2005 deadline for the completion of discovery and an October 10, 2005 deadline for the completion of discovery, as well as a June 12, 2006 trial date. On July 21, 2005, Magistrate Judge Scott granted Plaintiffs' unopposed motion to extend the discovery deadline until November 21, 2005. All other pretrial deadlines remained the same.

On October 7, 2005, Defendants filed their motion for summary judgment. The only grounds offered for the motion were that Plaintiffs had failed to provide timely responses to Defendants' discovery requests and therefore Plaintiffs should be deemed to have no evidence in support of their claim for declaratory judgment.[1] Beyond these conclusory allegations, Defendants offered no further information or analysis. For example, Defendants did not attach, summarize or otherwise describe the discovery requests that went unanswered, leaving the Court with no specific information as to the written information, documents, or admissions sought by Defendants. Further, Defendants did not attempt to relate the information sought and Plaintiffs' lack of response to their discovery requests to the elements of Plaintiffs' claim in any coherent fashion. Because the motion for summary judgment was rooted in alleged discovery abuses, the Court referred it to the assigned Magistrate Judge for a recommended disposition. Judge Scott recommended that the motion be denied, and Defendants filed timely objections.

The proper disposition of Defendants' motion for summary judgment requires an analysis of Defendants' precise burden as movants under Rule 56(c). In *Adickes v. S.H. Kress & Co.*, 398 U.S.

---

[1] It appears that, after receiving the Defendants' motion for summary judgment, Plaintiffs did finally respond to Defendants' discovery requests, and that they did so before the November 21, 2005 discovery deadline. However, it also appears that Plaintiffs' responses were served approximately three months after service of the Defendants' discovery requests, not within the 30 days required by the Federal Rules of Civil Procedure. It further appears that Plaintiffs failed to provide Defendants with the initial disclosures required by Fed. R. Civ. P. 26(a).

144, 90 S.Ct. 1598 (1970), the Supreme Court analyzed the relative burdens of the parties on a motion for summary judgment, placing the burden on "the moving party ... to show initially the absence of a genuine issue concerning any material fact." *Id*. at 159, 90 S.Ct. at 1609.  In *Celotex*, the Supreme Court clarified that interpretation of Rule 56(c), stating that "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  "[T]he moving party bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial.  When a defendant files a motion for summary judgment, he has to show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law." *Trainor v. Apollo Medical Specialties, Inc*., 318 F.3d 976, 982 (10th Cir. 2002) (internal citations and quotations omitted).

In his dissent in *Celotex*, Justice Brennan discussed the mechanics for discharging the initial burden of production when the defendant seeks summary judgment on the grounds that the plaintiff, who will bear the burden of persuasion at trial, has no evidence to support his claims:

> Where the moving party ... seeks summary judgment on the ground that the nonmoving party—who will bear the burden of persuasion at trial—has no evidence, the mechanics of discharging Rule 56's burden of production are somewhat trickier. Plainly, *a conclusory assertion that the nonmoving party has no evidence is insufficient*. Such a 'burden' of production is no burden at all and would simply permit summary judgment procedure to be converted into a tool for harassment. Rather, as the Court confirms, a party who moves for summary judgment on the ground that the nonmoving party has no evidence *must affirmatively show the absence of evidence in the record*. This may require the moving party to depose the nonmoving

3

> party's witnesses or to establish the inadequacy of documentary evidence. *If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories and other exchanges between the parties that are in the record*. Either way, however, the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party.

477 U.S. at 331-32, 106 S.Ct. at 2557 (citations omitted). Justice White's *Celotex* concurrence reaches the same conclusion, which is consistent with the majority opinion: "the movant must discharge the burden the Rules place upon him: It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case." *Id*. at 328, 106 S.Ct. at 2555.

The Court agrees with Defendants' assertion that they were not required to come forward with evidence to affirmatively negate Plaintiffs' claims. However, it is also clear that under the summary judgment standard, Defendants were obligated to do more than merely allege that Plaintiffs have no evidence in support of their claims, but rather to actively demonstrate that contention by discussing both the record (including their unanswered discovery requests) and its application to Plaintiffs' legal claims. Only after the moving party has met this initial burden of production does the burden shift to the nonmoving party to designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. If the movant meets its burden, at that point the non-moving party "must respond with evidence or citations to the record that dispute the motion for summary judgment." *McKibben v. Chubb*, 840 F.2d 1525, 1532 (10th Cir. 1988). A review of Defendants' motion for summary judgment reveals that they failed to meet their initial burden, as described above, and therefore they are not entitled to summary

judgment.[2]

**IT IS THEREFORE ORDERED** that Defendants' objections to the Magistrate Judge's proposed findings and recommended disposition [Doc. No. 48] are not well taken and will be **DENIED**.  For the reasons contained herein, the Court concurs with the *Magistrate Judge's Proposed Finding and Recommended Disposition Regarding Defendant's Motion for Summary Judgment* [Doc. No. 45], and *Defendant's Motion for Summary Judgment* [Doc. No. 21] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**

---

[2]Having chosen to invoke the standards of Rule 56, Defendants were required to meet their burden under that Rule in order to prevail on the motion.  Because they failed to do so, their motion will be denied.  Defendants apparently chose not to file a motion to compel or ask the Court to dismiss the Complaint as a sanction for Plaintiffs' discovery violations.  However, it remains to be seen whether Plaintiffs' failure to timely respond to discovery requests, to provide initial disclosures, and to provide their portions of the Pretrial Order will adversely affect their right to present certain evidence at trial.